## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. WIKEL AND ST. JOHN

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:19-cr-0008 |
| | ) |
| DAVID WIKEL, | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

**BEFORE THE COURT** is David Wikel's motion for compassionate release. (ECF No. 73). For the reasons stated below, the Court will deny the motion without prejudice.

## I. BACKGROUND

On January 28, 2019, the United States filed a one-count information charging David Wikel ("Wikel") with providing kickbacks in relation to contracts with the United States.

On October 15, 2019, the Court accepted Wikel's guilty plea to Count One of the information.

On February 13, 2020, the Court sentenced Wikel to a term of imprisonment of 18 months and three years supervised release.

On May 18, 2020, Wikel filed a motion for compassionate release. (ECF No. 73). In his motion, Wikel asserts that extraordinary and compelling reasons warranting a reduction in his sentence exist due to the COVID-19 pandemic and his health conditions. *See* Emergency Mot. for Modification of Sentence Pursuant to the CARES Act of 2020, ECF No. 73. The United States has not filed a response to Wikel's motion for compassionate release.

## II. DISCUSSION

Title 18, Section 3582 of the United States Code ("Section 3582") provides in pertinent part that

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i) extraordinary and compelling reasons warrant such a reduction; . . .

    . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, prior to a District Court considering a defendant's motion for compassionate release pursuant to Section 3582, either (1) the Bureau of Prisons ("BOP") must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf, or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Wikel does not assert that he made any request to the BOP to move for compassionate release on his behalf. As such, the Court will deny the motion due to Wikel's failure to exhaust his administrative remedies.

The premises considered, it is hereby

**ORDERED** that David Wikel's motion for compassionate release, ECF No. 73, is **DENIED** without prejudice.

**Dated:** May 28, 2020                  s/    *Robert A. Molloy*
                                                     **ROBERT A. MOLLOY**
                                                     **District Judge**